

**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

To:  CVS PHARMACY, INC.
ONE CVS DRIVE
WOONSOCKET RI 02895

Case Number:    C-15-CV-22-000940
Other Reference Number(s):

**JEANETTE BENJAMIN VS. CVS PHARMACY, INC.**

Issue Date: 2/28/2022

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Benjamin, Jeanette
5225 Pooks Hill Road, Apt 623 South
Bethesda, MD 20814

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A. Bushell*
Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**EXHIBIT 1**

Jeanette Benjamin vs. CVS Pharmacy, Inc.　　Case 8:22-cv-00868-GJH　Document 1-2　Filed 04/11/22　Page 2 of 8

Case Number: C-15-CV-22-000940

# RETURN

☐ Served _____ on _____ at _____
　　　　　　　　Whom　　　　　　　　　　　　Date　　　　　　　　City/State/Country

☐ Summons and　☐ Show Cause Order and　☐ Complaint/Petition/Motion Served

☐ Unserved _____　_____
　　　　　　　　Date　　　　　　　　　　　　　　　　Reason

_____　☐ Sheriff
Signature

## IN THE CIRCUIT COURT FOR [COUNTY NAME] COUNTY, MARYLAND

| | |
|---|---|
| JEANETTE BENJAMIN<br>5225 Pooks Hill Road, Apt. 623 South<br>Bethesda, Maryland 20184 | \*<br>\* |
| *Plaintiff* | \* |
| v. | \*   Case No.: |
| CVS PHARMACY, INC.<br>One CVS Drive<br>Woonsocket, Rhode Island 02895 | \*<br>\* |
| *Defendant* | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Jeanette Benjamin, by and through her attorney, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and hereby sues the Defendant, CVS Pharmacy, Inc. In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff is a resident of Montgomery County, Maryland.

2. Defendant is a foreign corporation doing business in the State of Maryland, including Montgomery County.

3. Venue is proper before this Honorable Court as the events giving rise to Plaintiff's Complaint arose in Montgomery County, Maryland. Md. Code Ann., Cts. & Jud. Proc. § 6-202(8).

EXHIBIT 1

4.      Jurisdiction is proper as an action in tort. § 1-501. Additionally, this Honorable Court has personal jurisdiction of the Defendant as a person who caused tortious injury in the State of Maryland. § 6-103.

## FACTS COMMON TO ALL COUNTS

5.      On or about July 19, 2020, Plaintiff was shopping at a CVS Pharmacy located in or around Potomac, Maryland, when she went to check out.

6.      The cashier at the register was having significant difficulty processing Plaintiff's items and became irritated in the process, which began a verbal dispute between the Plaintiff and the cashier about how to Plaintiff's purchase.

7.      The cashier eventually left the register and walked behind the Plaintiff, picked up the large pack of water Plaintiff intended to purchase, and threw it onto Plaintiff's head.

8.      The cashier was, at all times relevant hereto, an employee of the Defendant working on behalf of the Defendant in his scope of employment.

## COUNT I
### (Battery)

9.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

10.     The cashier intended to cause Plaintiff harm when he threw the pack of water at her.

11.     The cashier's throwing of the pack of water was an intentional act.

EXHIBIT 1

12. Plaintiff did not permit or offer consent to the cashier to throw a pack of water at Plaintiff's head.

13. Therefore, the cashier committed a battery against the Plaintiff.

14. The cashier was at all times acting in the scope of his employment with the Defendant and was acting, at least in part, to further the interests of his employer.

15. Therefore, it follows that the Defendant is vicariously liable for the battery committed by its cashier.

WHEREFORE, Plaintiff, Jeanette Benjamin, demands judgment against the Defendant, CVS Pharmacy, Inc., in an amount in excess of $75,000.00, plus pre- and post-judgment interest, punitive damages, attorneys' fees, and costs.

## COUNT II
### (Negligent Hiring and Retention)

16. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

17. Defendant had a duty to its customers, including the Plaintiff, to use reasonable care in selecting and retaining its employees.

18. The cashier was, at all times relevant hereto, an employee of the Defendant.

19. The cashier was, at all times relevant hereto, an incompetent employee of the Defendant incapable of properly serving the customers as a cashier. More specifically, upon information and belief, the cashier was known to have mental health difficulties that prevented him from regularly interacting with customers and adequately addressing their

EXHIBIT 1

needs without becoming irritated or frustrated, sometimes violently so. Additionally, upon information and belief, the cashier has a previous history of violence in the workplace.

20. The Defendant was aware of the cashier's incompetence, yet nevertheless, in breach of its duties to its customers, hired and retained him, and continued to allow him to serve as a cashier in spite of the aforementioned incompetence.

21. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer significant physical and emotional injuries, pain and suffering, lost wages, and expenses.

WHEREFORE, Plaintiff, Jeanette Benjamin, demands judgment against the Defendant, CVS Pharmacy, Inc., in an amount in excess of $75,000.00, plus pre- and post-judgment interest, punitive damages, attorneys' fees, and costs.

## COUNT III
### (Negligent Supervision)

22. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

23. Defendant had a duty to its customers, including the Plaintiff, to use reasonable care in supervising its employees.

24. The cashier was, at all times relevant hereto, an employee of the Defendant.

25. The cashier was known by the Defendant to have difficulty in handling the purchases of customers, as well as having difficulty in interacting with customers.

EXHIBIT 1

26. Nevertheless, the Defendant failed to properly supervise and train the cashier as to ensure that the cashier's interactions with customers were completed in a safe and proper manner.

27. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer significant physical and emotional injuries, pain and suffering, lost wages, and expenses.

WHEREFORE, Plaintiff, Jeanette Benjamin, demands judgment against the Defendant, CVS Pharmacy, Inc., in an amount in excess of $75,000.00, plus pre- and post-judgment interest, punitive damages, attorneys' fees, and costs.

EXHIBIT 1

Respectfully submitted,


<u>/s/Christopher J. Smith</u>
Christopher J. Smith, Esq.
AIS No.: 1612140248
The Law Office of Christopher J. Smith, LLC
17 West Jefferson Street, Suite 100
Rockville, Maryland 20850
(301) 760-7460 (Office)
(301) 760-7469 (Direct)
cjs@christopherjsmithlaw.com
*Attorney for Plaintiff*


## JURY TRIAL

Plaintiff, Jeanette Benjamin, respectfully requests a trial by jury on all issues raised herein.

<u>/s/Christopher J. Smith</u>
Christopher J. Smith, Esq.

EXHIBIT 1